UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DE'VON L. WALKER,

        Plaintiff,

        v.                              Case No. 22-cv-0244-bhl

WISCONSIN DEPARTMENT OF HEALTH SERVICES,
WISCONSIN RESOURCE CENTER,
SUZANNE DEHAAN,
RENEE OPPERMAN,
THERESA BARWELL, and
JOHN DOES,

        Defendants.

## SCREENING ORDER

Plaintiff De'Von Walker, who is currently serving a state prison sentence at the Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Walker's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Walker has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Walker has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $24.46. Walker's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Walker asserts that, beginning in 2019 and continuing for about two years, he was "sexually assaulted" by Defendant corrections officer Renee Opperman. According to Walker, near the beginning of this period, Defendant Captain Johnson and a John Doe officer attempted to inquire about Opperman's suspected misconduct, but he refused to talk to them because of a prior negative experience with Johnson. Walker asserts there was not follow up after his refusal and the investigation concluded with Opperman being allowed to return to work. Walker explains that Opperman was recently criminally charged for her actions. Dkt. No. 1 at 4.

Walker alleges that he was "failed on several levels by staff who were supposed to protect him," including Defendant warden Suzanne Dehaan "who not only fostered the environment for such despicable acts to take place, but as well did not put forth the proper due diligence in being the last word on investigations of this nature and thus allowing one of her own staff members to continue to prey upon a charge left to her." He also asserts that he was "blamed for being assaulted." He explains that he met with Defendants Theresa Barwell and John Doe about three times near the end of October 2021, and all three meetings were "accusatory and hostile." He states that he was placed in segregation "on at least one occasion stemming directly from these meetings" after Barwell issued Walker a conduct report for soliciting a staff member. Dkt. No. 1 at 4-5.

## THE COURT'S ANALYSIS

The complaint fails to state a claim under Fed. R. Civ. P. 8 because the allegations are too vague and conclusory for the Court to reasonably infer how, if at all, most of the Defendants may have violated Walker's constitutional rights. As previously noted, "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.

3

Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must contain factual content to raise the right to relief above the speculative level.

Walker asserts that Opperman "sexually assaulted" him for more than two years, but he provides no factual details to support such a conclusion. He does not explain the nature of their interactions, how often they occurred, or at whose initiation they occurred. He also faults the warden and her staff for failing to protect him, but he acknowledges that he refused to talk to Johnson and a John Doe when they tried to address the issue, and he does not allege that he raised the issue with anyone else. Staff cannot be liable for failing to protect him from a harm that they did not know about. *See Williams v. Shah*, 927 F.3d 476, 482 (7th Cir. 2019) (explaining that a defendant is liable for damages under §1983 only if the constitutional deprivation occurred at the defendant's behest or with her knowledge and consent).

Finally, Walker alleges that, two years after Johnson questioned him, Barwell and a John Doe also questioned him, but they were accusatory, blamed him, and issued him a conduct report. Once again, Walker fails to provide any details of their interactions. For example, Walker does not allege whether the interactions between him and Opperman were allowed to continue after Walker informed Barwell and the John Doe of what was happening. Nor does he explain what happened during his meetings with Barwell and the John Doe. The mere fact that they concluded based on their investigation that Walker had solicited Opperman does not suggest a constitutional violation. Walker must provide details of his interactions with Barwell and the John Doe so the Court can reasonably infer that their conclusion and response was constitutionally impermissible.

In short, Walker's complaint contains many legal conclusions but insufficient facts to support those conclusions. As such, he fails to state a claim upon which relief can be granted. The

4

Case 2:22-cv-00244-BHL   Filed 05/09/22   Page 4 of 7   Document 9

Court will afford Walker an opportunity to file an amended complaint. If he chooses to do so, the Court must receive his amended complaint by **June 6, 2022**. Walker should draft the amended complaint as if he is telling a story to someone who knows nothing about his situation. This means that he should set forth facts explaining: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who was involved; and (4) how the Court can assist him in relation to those events. The amended complaint does not have to include every detail, but it must include sufficient factual content to allow the Court to reasonably infer a constitutional violation occurred.

The Court reminds Walker that the doctrine of respondeat superior cannot be used to hold a supervisor liable for the misconduct of a subordinate. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). The only time a supervisor will be held liable for a subordinate's misconduct is if the supervisor directs or consents to the misconduct. For example, the supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye" for fear of what they might see. *Id.* (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir.1988)). "[S]upervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable." *Jones*, 856 F.2d at 992.

Walker is advised that an amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received, the Court will dismiss this action based on Walker's failure to state a claim in his original complaint. The Court will enclose an amended complaint form along with this decision. Walker must use the form. If he needs more space, he may attach up to five additional pages.

**IT IS THEREFORE ORDERED** that Walker's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **June 6, 2022**, Walker may file an amended complaint curing the defects in the original complaint as described in this decision.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Walker a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Walker shall collect from his institution trust account the $325.36 balance of the filing fee by collecting monthly payments from Walker's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Walker is transferred to another institution, the transferring institution shall forward a copy of this Order along with Walker's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Walker is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution,

6

Case 2:22-cv-00244-BHL   Filed 05/09/22   Page 6 of 7   Document 9

and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Walker is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties, including dismissal of this action.

Dated at Milwaukee, Wisconsin on May 9, 2022.

>s/ *Brett H. Ludwig*
>BRETT H. LUDWIG
>United States District Judge